IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CLINTUS JEREL ALFORD,

              Petitioner,

vs.

ROB JEFFREYS,

              Respondent.

**8:24CV386**

**MEMORANUDM AND ORDER**

      This matter is before the Court on its own motion. On April 9, 2025, Petitioner filed a response (the "Response"), Filing No. 26, to a motion for summary judgment (the "MSJ"), Filing No. 17, filed by Respondent. However, due to a technical defect, the Response cannot be further processed until Petitioner corrects the defect listed below. FAILURE TO CORRECT THE DEFECT OR TO FILE A NEW SIGNED RESPONSE SHALL RESULT IN THE STRIKING OF THE RESPONSE AND THE ADDRESSING OF THE MSJ BY THIS COURT AS UNOPPOSED.

      Petitioner's Response is signed "Clintus Jerel Alford by Annie Alford POA." Filing No. 26 at 6. Attached to the Response is a "Nebraska Power of Attorney" (the "POA") authorizing Annie L. Alford to act as Petitioner's agent (the "Agent"). Filing No. 26-1 at 1. Specifically, in the POA Petitioner grants Agent the right to "sign any legal documents that need to be signed, in [Petitioner's] name and authorization for them to be notarized and file them." *Id*. at 3. Unfortunately, even though she is authorized by the POA to do so, Petitioner's Agent, unless she is licensed counsel, cannot sign documents filed with this Court on behalf of Petitioner.

While 28 U.S.C. § 1654 allows parties to "plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted" in federal court, Section 1654 "does not permit a non-attorney to represent a litigant in federal court and even a valid power of attorney does not permit it." *Hill v. First Fin. Bank Shares*, No. 1:17-CV-0025-BL, 2017 WL 838267, at *2 (N.D. Tex. Mar. 2, 2017); *accord Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) ("[The plaintiff's] power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him pro se in federal court."). This is so as proceeding "pro se means to appear for one's self," and therefore "a person may not appear on another person's behalf in the other's cause." *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998); *accord Martin v. City of Alexandria*, 198 F. App'x 344, 346 (5th Cir. 2006) (per curiam) (quoting *Iannaccone*, 142 F.3d at 558); *Estate of Keatinge v. Biddle*, 316 F.3d 7, 14 (1st Cir. 2002) ("[T]he holder of a power of attorney is not authorized to appear pro se on behalf of the grantor."). It therefore follows that any pleadings filed through lay representation, such as the Response here, must be disregarded as a nullity. *Umstead v. Chase Manhattan Mortg. Corp.*, No. 7:04CV00747, 2005 WL 2233554, at *2 (W.D. Va. Sept. 13. 2005).

As the Response was signed by an unauthorized party this Court shall not presume that Petitioner reviewed or otherwise drafted the Response. Instead, in order to allow Petitioner the opportunity to file a different response to the MSJ if he so chooses, Petitioner may either refile the signature page of the Response (he may line though the signature of his Agent and resign the signature page or file a new signature page), or he may file a new response to the MSJ which he has prepared and signed.

IT IS THEREFORE ORDERED that:

1. Petitioner is directed to correct the above-listed technical defect in the Response on or before **May 14, 2025. He may do so by either filing a new signature page to the Response signed by Petitioner or he may file a new signed response to the MSJ.** The filing of a new signed response shall result in the striking of the Response and the new response being considered by this Court when addressing the MSJ. The filing of a new signed signature page shall result in the validation of the Response and this Court's consideration of the Response when addressing the MSJ.

2. Failure to comply with this Memorandum and Order will result in the striking of the Response without further notice and this Court's addressing the MSJ as unopposed.

3. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **May 14, 2025**: deadline for submission of a signed response or a new signed response.

4. The Clerk of the Court is further directed to send Petitioner a copy of the Response at Filing No. 26.

5. No further review of this case shall take place until Petitioner complies with this Memorandum and Order or the time to do so has passed.

Dated this 14th day of April, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

3